Louis Pechman
N. Marely Mercado
Berke-Weiss & Pechman LLP
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CARLOS VICENTE LLIVIZACA, on behalf of himself
and all others similarly situated,

           Plaintiff,

           -against-

LIBERTY KNIGHTS, LLC d/b/a POUND & PENCE,
MERCHANTS HOSPITALITY INC., ABRAHAM
MERCHANT and RICHARD COHN,

           Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**

**ECF CASE**

Plaintiff Carlos Vicente Llivizaca ("plaintiff"), on behalf of himself and all others similarly situated, by his attorneys Berke-Weiss & Pechman LLP, complaining of defendants Liberty Knights, LLC d/b/a Pound & Pence, Merchants Hospitality Inc., Abraham Merchant, and Richard Cohn (collectively referred to herein as "defendants" or "Pound & Pence"), alleges:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid overtime wages and unpaid spread-of-hours pay pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL").

2. Pound & Pence has systematically ignored the requirements of the FLSA and NYLL, failed to compensate its employees at the statutory overtime rates and failed to pay spread-of-hours.

3. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions and compensation for unpaid overtime, unpaid spread-of-hours pay, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

4. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. §§ 1332 and 1367.

## VENUE

5. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as Pound & Pence is located in the Southern District of New York.

## THE PARTIES

**Plaintiff**

6. Carlos Vicente Llivizaca ("Llivizaca") resides in New York. Llivizaca has been employed as a cook at Pound & Pence from on or about October 10, 2010 to on or about October 29, 2011.

**Defendants**

7. Defendant Liberty Knights, LLC is a New York corporation that owns and operates Pound & Pence, a restaurant located at 55 Liberty Street, New York, New York 10005. Pound & Pence prepares and serves English pub-style cuisine and alcoholic beverages for customers on its premises.

8. Defendant Merchants Hospitality Inc., is a New York corporation that owns and operates Pound & Pence, a restaurant located at 55 Liberty Street, New York, New York 10005.

9. Defendant Abraham Merchant ("Merchant") is a natural person engaged in business in the City and County of New York, who is an owner of Pound & Pence, and is sued individually in his capacity as an owner, officer and/or agent of Pound & Pence. Merchant exercises sufficient control over Pound & Pence's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein established and exercised authority regarding the pay practices at Pound & Pence.

10. Defendant Richard Cohn ("Cohn") is a natural person engaged in business in the City and County of New York, who is an owner of Pound & Pence, and is sued individually in his capacity as an owner, officer and/or agent of Pound & Pence. Merchant exercises sufficient control over Pound & Pence's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein established and exercised authority regarding the pay practices at Pound & Pence.

## COLLECTIVE ACTION ALLEGATIONS

11. The claims in this Complaint arising out of the FLSA are brought by plaintiff on behalf of himself and similarly situated persons (*i.e.* non-exempt kitchen workers) who are current and former employees of Pound & Pence since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

12. The FLSA Collective consists of approximately twenty (20) similarly situated current and former kitchen workers of Pound & Pence, who, over the last three years also performed dishwashing, cooking, and delivery duties (the "kitchen staff"), and who have been victims of defendants' common policy and practices that have

violated their rights under the FLSA by, *inter alia*, willfully denying them overtime and other wages.

13. As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, *inter alia*, the following:

   a. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

   b. failing to keep accurate records of hours worked by employees as required by the FLSA and the NYLL; and

   c. failing to pay employees spread-of-hours compensation of one hour's pay at the minimum wage for each day in which their workday spanned more than ten (10) hours.

14. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and the NYLL.

15. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to plaintiff and the FLSA Collective.

16. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Pound & Pence, are readily identifiable, and locatable through Pound & Pence's records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

### THE FAILURE OF POUND & PENCE TO PAY OVERTIME AND FOR ACTUAL HOURS WORKED

17. Llivizaca, who was employed as a cook at Pound & Pence, worked five (5) days per week, Monday through Friday, from approximately 10 a.m. to approximately 11 p.m.

18. From on or about October 10, 2010 until February 25, 2011, Llivizaca was paid approximately nine dollars and seventy cents ($9.70) per hour. On or about February 28, 2011, Llivizaca was paid ten dollars and thirty cents ($10.30) per hour.

19. Other kitchen staff at Pound & Pence are similarly paid an hourly rate.

20. The FLSA and NYLL require that employers pay all employees one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

21. Pound & Pence did not pay Llivizaca, who regularly worked approximately sixty-five (65) hours per week, or other kitchen staff, overtime pay of one and one-half (1½) times their regular rate of pay for hours worked in excess of forty (40) per workweek.

### SPREAD-OF-HOURS VIOLATION

22. Llivizaca and the other kitchen staff at Pound & Pence work more than ten (10) hours per day. However, Pound & Pence does not pay them the required spread-of-hours pay of an additional hour's pay at the minimum wage for every day in which their workday spans more than ten (10) hours.

### FIRST CLAIM
(Fair Labor Standards Act – Unpaid Overtime)

23. Plaintiff repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

5

24. Defendants are required to pay plaintiff and the FLSA Collective one and one-half (1½) times the regular rate of pay for all hours they worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

25. Defendants have failed to pay plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

26. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff and the FLSA Collective overtime wages.

27. Due to defendants' violations of the FLSA, plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

28. Plaintiff repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff and the FLSA Collective one and one (1½) half times the regular rate of pay for all hours they worked in excess of forty (40) hours in a workweek.

30. Defendants have failed to pay plaintiff and the FLSA Collective the overtime wages to which they were entitled under the NYLL.

31. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff and the FLSA Collective overtime wages.

32. Due to defendants' willful violations of the NYLL, plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

33. Plaintiff repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

34. Defendants have willfully failed to pay plaintiff and the FLSA Collective additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten (10) hours.

35. By defendants' failure to pay plaintiff and the FLSA Collective spread-of-hours pay, defendants have willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.6.

36. Due to defendants' willful violations of the NYLL, plaintiff and the FLSA Collective are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and liquidated damages.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment:

  a. to authorize the issuance of notice at the earliest possible time to all kitchen employees who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this

action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

      b.    to declare that defendants have violated the overtime provisions of the FLSA and the NYLL;

      c.    to declare that defendants have violated the spread-of-hours provisions of the NYLL;

      d.    to declare that defendants' violations of the FLSA and NYLL were willful;

      e.    to award plaintiff and the FLSA Collective damages for unpaid overtime wages;

      f.    to award plaintiff and the FLSA Collective damages for unpaid spread-of-hours compensation;

      g.    to award plaintiff and the FLSA Collective liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

      h.    to award plaintiff and the FLSA Collective pre-judgment and post-judgment interest under the FLSA and the NYLL;

      i.    to award plaintiff and the FLSA Collective reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

      j.    to award such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Dated: New York, New York
    February 10, 2012

BERKE-WEISS & PECHMAN LLP

By: _____
Louis Pechman
N. Marely Mercado
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
*Attorneys for Plaintiff*
